UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**TERRY LEE FROMAN,**

       **Petitioner,**

v.                                                     Case No. 2:23-cv-444

**TIM SHOOP, Warden,**                               Barrett, J.
    **Chillicothe Correctional Institution,**        Litkovitz, M.J

       **Respondent.**                                    **ORDER**

      Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a notice of intent to file a habeas corpus petition pursuant to 28 U.S.C. § 2254. This matter is before the Court on Respondent's Unopposed Motion for Leave to File Sealed State Court Documents Under Seal (Doc. 12), and Respondent's Unopposed Motion for Leave to Manually File Audio/Visual and Graphic Photo Exhibits. (Doc. 13).

      In the motion to file sealed state court documents under seal, Respondent identifies the documents at issue as "four State Court pleadings and the jury questionnaires." (Doc. 12). Respondent seeks to file these documents under seal as part of the Appendix, explaining only that "these motions and their accompanying orders and the jury questionnaires were filed under seal in the trial court." (*Id*.) Respondent notes the state trial court granted the Warden limited access to the documents for the purpose of filing them in these habeas proceedings, and "[b]ecause these documents remain not publicly available in the State Court, the Warden respectfully requests they be restricted from public access in this Court." (*Id*.)

      Respondent's motion is, for the moment, **GRANTED**. Respondent may file the jury questionnaires and the four pleadings at issue under seal. However, the Court **DIRECTS** the

parties to brief, within fourteen (14) days, the issue of maintaining these documents under seal. A court's discretion to seal its own records and files is limited by the "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). *See also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files."). This openness presumption owes to the public's "strong interest in obtaining the information contained in the court record . . . [including] an interest in ascertaining what evidence and records" a court relies upon for its decisions. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (quoting *Brown & Williamson*, 710 F.2d at 1180-81). The party seeking to seal court records carries the heavy burden of overcoming this presumption, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)). Additionally, the Court is required to set forth specific findings and conclusions justifying the sealing of records—regardless of whether a party objects. *Id.* at 306.

To justify sealing records, the proponent must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305). The proponent must also "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Intern., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)).

The Court recognizes the state trial court elected to file and maintain these documents under seal as part of the state court proceedings. However, Respondent has not identified the nature of the documents to this Court beyond the general statement that the documents consist of juror questionnaires and "four State Court pleadings." More information is needed for the Court to determine whether principles of comity and deference to the state court's initial determination may be enough to overcome the public's interest in open courts. Respondent also has not addressed whether it is possible to file redacted versions of these exhibits in order to ensure the remedy is "no broader than necessary to address the compelling reason for non-disclosure." *Luxottica of Am. Inc. v. Allianz Glob. Risks US Ins. Co.*, No. 1:20-cv-698, 2021 WL 735205, at *3 (S.D. Ohio Feb. 25, 2021) (internal citations omitted). *See also Wiggins v. Bank of Am., N.A.*, No. 2:19-cv-3223, 2020 WL 7056479, at *2 (S.D. Ohio Dec. 2, 2020) (holding that the motion to seal was "narrowly tailored" because the party sought "not to seal these exhibits in their entirety, but rather, to file redacted versions on the public docket"). The parties shall also address whether the substance of the four sealed documents is otherwise disclosed or apparent in the trial transcript or other portions of the state court record.

The Court **GRANTS** Respondent's motion for leave to manually file two disks containing trial and hearing exhibits in the form of audio/visual files, as well as graphic photo exhibits.

**IT IS THEREFORE ORDERED THAT:**

1. The Court **GRANTS**, on an interim basis, Respondent's motion to file the juror questionnaires and the four pertinent documents referenced in the motion under seal.

2. Within **fourteen (14) days**, the parties shall brief the issue of maintaining these documents under seal.

4

3. Respondent's unopposed motion to file certain audio/visual exhibits and graphic photo exhibits manually is **GRANTED**.

   **IT IS SO ORDERED**.

Date: 9/26/2023

*Karen L. Litkovitz*
Karen L. Litkovitz
Chief United States Magistrate Judge