**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TERRY LEE FROMAN,**

            **Petitioner,**

**v.**                                                    **Case No.  2:23-cv-444**
                                                         **JUDGE MICHAEL R. BARRETT**
**TIM SHOOP, Warden,**                                   **Chief Magistrate Judge Karen L. Litkovitz**
**Chillicothe Correctional Institution,**

            **Respondent.**


## DECISION AND ORDER ON MOTION TO HOLD PETITION IN ABEYANCE AND EXPAND SCOPE OF REPRESENTATION

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus petition pursuant to 28 U.S.C. § 2254.  This matter is before the Court on Petitioner's motion to stay these federal habeas proceedings and hold them in abeyance and authorize habeas counsel to appear in state court (Doc. 26), Respondent's memorandum in opposition (Doc. 29), and Petitioner's reply (Doc. 32).  For the reasons that follow, both requests are well taken and the Court **GRANTS** Petitioner's motion.

### I.      OVERVIEW

After a jury trial in Warren County, Ohio, Petitioner Terry Lee Froman was convicted and sentenced to death for the August 2014 kidnapping and aggravated murder of Kimberly Thomas.  *See State v. Froman*, 162 Ohio St. 3d 435 (2020).  His state direct appeal and post-conviction petition were unsuccessful.  *See id*.; *State v. Froman*, Case No. CA2020-12-080, 2022 WL 3149580 (Ohio App. 12th Dist. Aug. 8, 2022).

On February 6, 2023, this Court granted Petitioner's request to proceed *in forma pauperis*

and appointed counsel from the Capital Habeas Unit of the Federal Public Defender's Office for the Southern District of Ohio to represent him in these habeas proceedings. (Doc. 6.) On December 19, 2023, Petitioner filed his Petition for a Writ of Habeas Corpus. (Doc. 25.) On that same date, Petitioner also filed the instant motion to stay and hold the proceedings in abeyance and to authorize federal habeas counsel to represent him in anticipated state court proceedings so that he may exhaust newly discovered claims for relief. (Doc. 26.)

In the motion to stay, Petitioner argues that during the course of habeas counsels' investigation of his case over the past year, counsel uncovered new and additional constitutional claims that have not been presented to the state courts and are therefore unexhausted. Specifically, Petitioner argues he uncovered evidence indicating that "Warren County, where Froman's trial took place, is systemically excluding African Americans from its jury pool; that jurors from Froman's trial engaged in a host of misconduct; and that Mr. Froman suffers from a serious mental illness, bipolar I disorder." (Doc. 26, at PAGEID # 11226.) Petitioner also claims that his trial counsel violated his Sixth Amendment rights pursuant to *McCoy v. Louisiana*, 584 U.S. 414 (2018), by making concessions of guilt without first obtaining his consent. (*Id*. at PAGEID # 11229.) Petitioner included these seven newly discovered and unexhausted claims in his federal habeas petition, wherein he sets forth a total of eighteen claims for relief. (Doc. 25.) Petitioner identifies the unexhausted claims as claims two through seven and fifteen. (Doc. 26, at PAGEID # 11228-11229.)

Respondent opposes Petitioner's motion, setting forth two arguments for why stay and abeyance is not warranted or appropriate in this case. (Doc. 29.) First, Respondent argues that the new claims Petitioner asserts are unexhausted are actually procedurally defaulted, because

2

Petitioner has no remaining and available state court remedies through which he can pursue the claims. (*Id*. at PAGEID # 11297.) Second, Respondent argues the new claims regarding Petitioner's alleged serious mental illness are non-cognizable in federal habeas corpus. Specifically, Respondent argues that "[d]espite his efforts to federalize the allegations, the grounds rest upon Ohio's recently enacted Serious Mental Illness statute and the United States Supreme Court has never recognized a similar bar on executing the mentally ill." (*Id*.)

## II.     LEGAL STANDARDS

State prisoners seeking habeas corpus relief must first exhaust all remedies available in the state courts. 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Exhaustion of state-court remedies requires a state defendant with federal constitutional claims to first fairly present those claims to the state courts, because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275-76. Under the "fair presentation" requirement, each claim must be presented to the state courts in a manner that affords the state courts the opportunity to remedy the alleged constitutional violation, which obliges a petitioner to present the same factual and legal basis for each claim to the state courts that the petitioner seeks to present to the federal habeas court. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). A claim is not exhausted if there remain available state-court remedies. 28 U.S.C. § 2254(b), (c). That is, if a petitioner fails to fairly present his claims through the requisite levels of state appellate review but still has an avenue open to him in the state courts by which he may present the claims, his claims are unexhausted.

3

Federal district courts may not ordinarily adjudicate a "mixed" habeas petition that presents both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). But district courts have the discretion to stay habeas corpus proceedings and hold them in abeyance to allow a petitioner with a mixed petition to return to state court to exhaust the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). A *Rhines* stay-and-abeyance is warranted only when the unexhausted claims are not plainly meritless and the petitioner has shown good cause for the failure to exhaust the claims earlier. *Id.* at 277. Further, stay-and-abeyance is only available in limited circumstances and must be conditioned on time limits so as not to undermine Congress's intent to streamline habeas proceedings and encourage the finality of state court judgments. *Id.* at 276-78. *See also McBride v. Skipper*, 76 F.4th 509, 513 (6th Cir. 2023) (discussing the *Rhines* considerations). Stay-and-abeyance is thus inappropriate if a petitioner engages in abusive litigation tactics or intentional delay. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.

## III.    DISCUSSION

### A.    Stay-and-Abeyance

Petitioner asks the Court to stay these proceedings and hold them in abeyance while he litigates new claims, discovered for the first time during habeas proceedings, in the state courts. Specifically, Petitioner intends to file in the state trial court a motion for leave to file a delayed

motion for a new trial pursuant to Ohio R. Crim. P. 33(B), and/or a successive postconviction action pursuant to Ohio Rev. Code § 2953.23.  (Doc. 32, at PAGEID # 11317.)

The Court will begin its analysis with Petitioner's second claim for relief, wherein he sets forth a new and unexhausted claim of jury misconduct.  Petitioner argues his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution were violated and his death sentence is constitutionally invalid, because of jury misconduct during his trial. According to Petitioner, the jury misconduct included the "failure to follow the trial court's instructions; rushing to judgment and deciding on a death sentence during the trial phase; refusal to give full, meaningful consideration and effect to Froman's mitigating evidence; refusal to consider any mitigation evidence; juror bias, including refusal by more than one automatic-death-penalty jurors to consider any sentence other than death after the trial phase; consideration of extrinsic evidence; consideration of an invalid aggravator to impose death; consideration of Froman's silence or lack of sworn testimony to find him guilty and/or sentence him to death; and consideration of unadmitted evidence received outside the presence of counsel during the sentencing phase of trial."  (Doc. 25, at PAGEID # 10606.)

As an initial matter, the Court declines to consider anticipatory default as argued by Respondent.  Respondent asserts Petitioner's claims should be deemed exhausted but procedurally defaulted because "the state court is unlikely to permit Froman to file a successive postconviction relief petition or grant a motion for a new trial."  (Doc. 29, at PAGEID # 11299.) But as Petitioner points out, Ohio law permits a petitioner to file a motion for a new trial based on allegations such as juror misconduct.  And if a petitioner is outside of the time limitations set forth in Ohio Crim. R. 33(B), he may move for leave to file a delayed motion for a new trial if he

5

establishes that he was unavoidably prevented from filing his motion for a new trial within the applicable time limit.  Petitioner notes that generally "[p]arties are unavoidably prevented from filing a motion for new trial if 'the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence."  (Doc. 26, at PAGEID # 11241) (citing *State v. McKnight*, 2021-Ohio-2673, 176 N.E.3d 802 (Ohio App. 4th Dist. 2021)).

This Court agrees that "the determination of whether a habeas petitioner satisfies a state procedural requirement is for the state court to make." *Cunningham v. Hudson*, 756 F.3d 477, 483 (6th Cir. 2014) (citation omitted).  In *Cunningham*, the Sixth Circuit held that a belatedly discovered juror bias/misconduct claim was not exhausted when the petitioner could "still raise [the] claim in a motion for a new trial or a second petition for post-conviction relief in the Ohio state courts." *Cunningham*, 756 F.3d at 479.  In so finding, the Sixth Circuit noted its "inability to predict how the Ohio state courts would rule" on either avenue for relief. *Id*. at 483. Similarly, this Court declines to speculate whether the Ohio courts will permit Petitioner to raise his newly discovered claims, and therefore concludes that the state remedy of a motion for a new trial or the remedy of a second post-conviction petition may still be available to Petitioner.

The Court must consider whether good cause exists for Petitioner's failure to exhaust his claims and whether his unexhausted claims are plainly meritless.  Petitioner argues that good cause exists for his failure to raise his juror misconduct allegations in the state courts because the misconduct was only recently discovered by federal habeas counsel.  According to Petitioner, he was represented by attorneys from the Death Penalty Division of the Ohio Public Defender's

6

Office during his state post-conviction proceedings. Post-conviction counsel made attempts to interview each of the jurors during their investigation but those attempts were unsuccessful. In support of his habeas petition, Petitioner has attached the Affidavit of his lead post-conviction counsel, Attorney Jessica Houston. Attorney Houston avers that she and others attempted to contact each of the jurors, but the jurors either refused to speak to them, provided limited information, or did not return their calls. (Doc. 25-25, at PAGEID # 11195, ¶¶ 7-9, Aff. of Attorney Houston; Doc. 25-27, at PAGEID # 11209, ¶¶ 3-5, Aff. of Attorney LaHote). Petitioner also notes that post-conviction counsel sought to conduct discovery and requested an evidentiary hearing on several claims related to the jury, but the State objected to those requests and the trial court denied the same. (Doc. 26, at PAGEID # 11232-11233; Doc. 25-25, at PAGEID # 11195, ¶ 8, Aff. of Attorney Houston.)

By contrast, federal habeas counsel and investigators working on behalf of habeas counsel have interviewed several jurors. Petitioner notes:

> This Court appointed undersigned habeas counsel on February 6, 2023. (Doc. 6, at PAGEID # 37.) Current counsel then undertook a diligent investigation, and jurors were at least preliminarily willing to talk to them. The information informally gleaned from some jurors gave rise to the issues in Claim 2. Thus, good cause exists because the prior attorneys acted diligently, but they were stymied in their efforts by the jurors themselves, the prosecution, and the state court, and Froman and his counsel could not have discovered the facts that gave rise to the allegations in Claim 2 any sooner. Moreover, even if Froman's post-conviction counsel are somehow deemed at fault for failing to exhaust the juror misconduct claims, that ineffective assistance from post-conviction counsel will suffice to establish good cause for a *Rhines* stay under *Martinez v. Ryan*, 566 U.S. 1, 17 (2012); *Trevino v. Thaler*, 569 U.S. 413, 423 (2013). *See, e.g., Guevara-Pontifes v. Baker*, No. 3:20-cv-652, 2022 U.S. Dist. LEXIS 172468, 7-8 (Sept. 23, 2022) (cited approvingly in *Sapp v. Jenkins*, No. 2:17-cv-1069, 2023 U.S. Dist. LEXIS 86089, *13 (S.D. Ohio May 16, 2023)).

(Doc. 26, at PAGEID # 11233.)

In the absence of clear guidance from the Supreme Court, the federal courts have differed as to what constitutes "good cause" within the meaning of *Rhines*. *See, e.g., Williams v. Hurley*, No. 2:05-cv-985, 2006 WL 1650771, at *10-11 (S.D. Ohio June 6, 2006) (Report & Recommendation) (King, M.J.) (discussing the split in authority as to whether the good cause standard of *Rhines* "requires a lesser showing than that for procedural default" and whether ineffective assistance of counsel during state post-conviction proceedings may constitute "good cause for failure to exhaust claims in state proceedings"), *adopted,* 2006 WL 1804550 (S.D. Ohio June 28, 2006) (Holschuh, J.) (unpublished); *see also Tolliver v. Sheets,* No. 2:05-cv-1161, 2007 WL 2462650, at *17-18 (S.D. Ohio Aug. 27, 2007) (Smith, J.; King, M.J.) (unpublished).

In *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005), the Supreme Court stated that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a petition containing unexhausted claims in the federal court. Some courts have concluded that this statement in *Pace* supports a more expansive definition of good cause. *See, e.g., Tullis v. Kontah,* No. 2:06cv1025, 2007 WL 915197, at *5-6 (S.D. Ohio Mar. 26, 2007) (Graham, J.; King, M.J.) (unpublished) (citing Ninth Circuit decision in *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005) and *Baker v. Horn*, 383 F. Supp. 2d 729, 747 (E.D. Pa. 2005)); *see also Hnatiuk v. Trombley,* No. 06-13880, 2008 WL 3305157, at *4 (E.D. Mich. Aug. 11, 2008) (unpublished). In *Tullis,* after detailing the "broad and varied" split in authority, the Court concluded with the following quotation from *Riner v. Crawford,* 415 F. Supp. 2d 1207, 1209-11 (D. Nev. 2006):

> [T]he discussions by the Pennsylvania court in *Baker* and the Ninth Circuit in
> *Jackson* support . . . [the] conclusion that the good cause standard applicable in
> consideration of a request for stay and abeyance of a federal habeas petition
> requires the petitioner to show that he was prevented from raising the claim, either

> by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

*Tullis, supra,* 2007 WL 915197, at *6.

For the reasons outlined by Petitioner, and out of an abundance of caution, the Court finds good cause exists for Petitioner's failure to raise his jury misconduct claim sooner. Petitioner has asserted that he was unable to uncover the alleged misconduct previously because the jurors refused to cooperate with his prior counsel despite attempts to contact and speak with them. Post-conviction counsel aver that they made diligent attempts to interview the jurors during their investigation but the jurors were not willing to cooperate until many years later when federal habeas counsel made a renewed attempt. Moreover, it appears that post-conviction counsel filed – and the state courts denied – requests for discovery and an evidentiary hearing aimed at further investigating juror issues.

Next, the Court must consider whether Petitioner's jury misconduct claim is "potentially meritorious" or is not "plainly meritless." *Rhines*, 544 U.S. at 270, 277. Although the United States Supreme Court did not define those terms in the *Rhines* decision, "district courts in this circuit have refrained from weighing the evidence of a particular claim and instead, only conduct an 'initial review' of a petitioner's claims." *Dellinger v. Mays*, No. 3:09-CV-104-TAV-DCP, 2022 WL 4360845, at *9 (E.D. Tenn. Sept. 20, 2022) (citing *Wengorovius v. Scutt*, No. 09-CV-13228, 2009 WL 2849577, at *3 (E.D. Mich. Sept. 1, 2009)). That is, the Court "must only conduct 'a facial examination of the unexhausted claim' in order to determine 'whether the proposed new claim is so facially meritless that presenting it to the state courts will be a waste of time.'" *Brown v. Rogers*, Case No. 1:99cv549, 2017 WL 1134374, at *8 (S.D. Ohio Mar. 27,

9

2017) (Marbley, Chief Judge) (quoting *Bailey v. Lafler*, Case No. 1:09-cv-460, 2010 WL 4286352, *5 (W.D. Mich. Sept. 29, 2010)).  *See also Misch v. Chambers-Smith*, 656 F. Supp. 3d 761, 764 (N.D. Ohio 2023) (finding unexhausted claims to be potentially meritorious where the petition on its face sets forth allegations that could lead to habeas relief); *Strickland v. Berghuis*, Case No. 13-cv-10350, 2013 WL 2482895, at *2 (E.D. Mich. June 10, 2013) ("Most courts applying the standard do so in a conclusory fashion without weighing or even considering the evidence."); *Johnson v. Scutt*, Case No. 11-cv-11782, 2011 WL 1792700, at *2 (E.D. Mich. May 11, 2011) (unpublished) (finding claims not "plainly meritless" for purposes of stay and abeyance analysis where the claims were "federal claims and [were] cognizable on federal habeas review") (citing *Wagner v. Smith*, 581 F.3d 410, 419 n. 4 & 5 (6th Cir. 2009)).

With that standard in mind, the Court is unable to conclude at this early stage of the proceedings that Petitioner's jury misconduct claim is – on its face – patently meritless. Petitioner's jury misconduct claim, set forth as his second claim for relief, spans approximately eighty-three pages of the Petition and sets forth allegations of misconduct regarding at least five jurors.  (Doc. 25, at PAGEID # 10606-10689.)  The allegations of juror misconduct, if true, might establish a violation of Petitioner's constitutional rights and might support the granting of a writ of habeas corpus.  As such, this factor weighs in Petitioner's favor.

The Court also notes that in the context of a *Rhines* motion to stay habeas proceedings to permit exhaustion of state court remedies, the Court need not determine whether every unexhausted claim Petitioner seeks to exhaust is plainly meritless, "as long as at least one claim has potential merit." *Brown v. Rogers*, Case No. 1:99cv549, 2017 WL 1134374, at *8 (S.D.

Ohio Mar. 27, 2017) (Marbley, Chief Judge) (quoting *Zebroski v. Phelps*, Case No. 03-853-LPS, 2013 WL 1969248, *3 (D. Del. May 13, 2013)). This means:

> *Rhines* does not state or suggest that every unexhausted claim in the petition must satisfy, individually, the 'good cause' and 'potentially meritorious' requirements before a stay will be permitted. Indeed, the rationale for permitting a stay would apply with more force to a petition in which only one of the unexhausted claims meets the *Rhines* requirements, but is likely meritorious, than it would to a petition in which all the unexhausted claims meet the *Rhines* requirements, but none are more than potentially meritorious. The efficient approach is for the court to address the petitioner's motion for stay and abeyance before reaching respondents' exhaustion arguments as to each individual claim. If a stay is warranted with respect to any single claim, the court need not conduct a claim-by-claim exhaustion analysis regarding the remaining claims.

*McConnell v. Baker*, 2012 WL 3100559, at *4 (D. Nev. Jul. 27, 2012). *See also Swan v. Coupe*, 967 F. Supp. 2d 1008, 1012-13 (D. Del. Sept. 4, 2013) ("When a mixed application contains more than one unexhausted claim, as in this case, a stay should be granted as long as at least one unexhausted claim is not plainly meritless."). Here, the Court has determined that Petitioner's jury misconduct claim is potentially meritorious, and accordingly, the Court need not express an opinion regarding the cognizability or potential merit of any additional unexhausted claims that Petitioner intends to pursue with his jury misconduct claim.

Finally, there is no indication that Petitioner has engaged in abusive or dilatory litigation tactics, and Respondent does not argue otherwise. This case remains in its relative infancy and nothing in the record suggests Petitioner has filed for a stay in order to needlessly delay these proceedings. Accordingly, the Court **GRANTS** Petitioner's motion to stay the proceedings and hold them in abeyance pending exhaustion of Petitioner's new claims in state court.

## B. Authorization for Habeas Counsel

Petitioner also requests authorization for his federal habeas counsel to represent him in filing a motion for leave to file a delayed motion for a new trial and/or a successive post-conviction petition in state court in order to exhaust his new claims. Petitioner is currently represented by the Office of the Federal Public Defender, Southern District of Ohio, Capital Habeas Unit, which was appointed to represent Petitioner in these proceedings pursuant to 18 U.S.C. § 3599(a)(2). (Doc. 6.) Petitioner argues he will not be able to secure adequate representation in state court because Ohio law does not provide appointed counsel for second or successive petitions or delayed motions for a new trial. Even if that were not the case, Petitioner notes that "Warren County has no attorneys certified to be court-appointed counsel for indigent defendants in capital cases." (Doc. 26, at PAGEID 11252.) To further complicate matters, Petitioner's previous state post-conviction counsel, the Ohio Public Defender, may be called to testify in the state court proceedings and therefore cannot represent him. Petitioner also highlights the importance of continuity of counsel in a death penalty case – both as a means to ensure judicial efficiency and because of the necessity of developing rapport and a personal relationship with Petitioner.

Section 3599(a)(2) of Title 18 of the United States Code entitles those seeking habeas corpus relief from a death sentence under 28 U.S.C. § 2254 to the "appointment of one or more attorneys." While subsection (a)(2) describes the *entitlement* to counsel, subsection (e) defines the *scope* of appointed counsel's representation as follows:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the [petitioner], each attorney so appointed shall represent the [petitioner] throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals,

12

> applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the [petitioner] in such competency proceedings and proceedings for executive or other clemency as may be available to the [petitioner].

18 U.S.C. § 3599(e)(2).

In *Harbison v. Bell*, the Supreme Court held that representation in state clemency proceedings is within the scope of representation authorized by § 3599(e) for counsel appointed in accordance with § 3599(a)(2). 556 U.S. 180, 185–86 (2009). Although the Supreme Court found that the plain language of the statutory text does not limit appointed counsel's representation to only federal proceedings, the scope of the authorization is confined to "subsequent stage[s] of available judicial proceedings." *Id.* at 189–90. Because state post-conviction proceedings typically precede federal habeas, they are not encompassed within the statute's provision for any "subsequent stage" of "available post-conviction process." The fact that state post-conviction litigation *can* sometimes follow federal habeas when a petitioner has failed to exhaust his claims is not enough to render state post-conviction a stage "subsequent" to habeas. *Id.* at 190. But the Supreme Court also identified an exception: exhaustion of a previously unexhausted habeas claim, where deemed appropriate by the district court, would be covered by the catch-all provision for representation in "other appropriate motions and procedures." *Id.* at 190 n.7 (finding that "a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation. . . .").

The Sixth Circuit has applied *Harbison* to hold that § 3599 applies to state proceedings only when adequate representation is not otherwise available. *Irick v. Bell*, 636 F.3d 289, 291

13

(6th Cir. 2009) (denying federally-funded attorney to reopen state post-conviction because state law already affords the petitioner adequate representation); *see also Hill v. Mitchell*, No. 1:98-cv-452, 2009 WL 2898812, at *5 (S.D. Ohio Sept. 4, 2009) (denying use of federal habeas counsel for state *Atkins* hearing because state law already provides for appointed counsel in *Adkins* hearings). It has also found representation in state post-conviction inappropriate when federal habeas proceedings have concluded or the claims to be raised in state court are not reviewable in federal habeas. *See Hand v. Houk*, 826 F. App'x 503, 507–08 (6th Cir. 2020) (denying federally-funded attorney to reopen exhausted claim in state court after federal habeas proceedings have concluded); *see also Lindsey v. Jenkins*, No. 1:03-cv-702, 2017 WL 4277201, at *2 (S.D. Ohio Sept. 26, 2017) (rejecting federally-funded counsel to exhaust *Hurst* claim in state court when the motion to amend the habeas petition to add the *Hurst* claim was denied). In sum, a federal court may "exercise its discretion in appointing federal habeas counsel to represent their client in state post-conviction proceedings when the state petition raises issues that are or will be pleaded in a habeas petition so long as those issues are cognizable in habeas corpus and have not been previously submitted to the state court, unless the state court itself provides for representation." *Lindsey*, 2017 WL 4277201, at *2 (*quoting Conway v. Houk*, No. 3:07-cv-345 (S.D. Ohio July 8, 2015) (ECF No. 219, PAGEID # 15605)).

Applying this guidance, courts in this district have found that continued representation by appointed habeas counsel in state court may be appropriate to facilitate the exhaustion of unexhausted habeas claims and where state law does not provide for the appointment of counsel. *See, e.g.*, *Myers v. Bagley*, Case No. 3:04-cv-174, 2024 WL 3248672 (S.D. Ohio July 1, 2024); *Hunter v. Warden*, Case No. 1:15cv209, 2022 WL 3446106 (S.D. Ohio Aug. 16, 2022); *Pickens*

*v. Shoop*, Case No. 1:19-cv-558, 2022 WL 2802411 (S.D. Ohio July 18, 2022); *Conway v. Houk*, Case No. 3:07-cv-345, 2013 WL 6170601, at *3 (S.D. Ohio Nov. 22, 2013); *Gapen v. Bobby*, Case No. 3:08-cv-280, 2013 WL5539557, at *4–5 (S.D. Ohio Oct. 8, 2013). Those circumstances are present here. As the Court has already determined, Petitioner satisfies the criteria for stay-and-abeyance because his petition is currently mixed, he has demonstrated good cause for his failure to exhaust his recently discovered habeas claims, and those claims are not plainly meritless. Petitioner's federal habeas petition has yet to be adjudicated, the case is in an early stage of the proceedings, and the anticipated state court proceedings at issue bear upon this Court's ability to review the unexhausted claims set forth in the Petition. Moreover, state law does not entitle Petitioner to the appointment of counsel for a successive or second state post-conviction petition or to pursue a delayed motion for a new trial. *See Hunter*, 2022 WL 3446106, at * 4 (citing *Gapen*, 2013 WL 5539557, at *4-5 (finding no entitlement under Ohio law for the appointment of counsel to pursue motion for new trial)); *Conway*, 2013 WL 6170601, at *2–3 (explaining that the mandatory appointment of counsel only applies to timely-filed first petitions for postconviction relief (citing *State v. Conway*, 2013-Ohio-3741, 2013 WL 4679318 (10th Dist. Aug. 29, 2013))). Accordingly, the Court **GRANTS** Petitioner's request to extend habeas counsel's appointed representation of Petitioner to the exhaustion of his habeas claims in state court.

## IV. CONCLUSION

Petitioner's motion to stay and hold these proceedings in abeyance pending his return to state court to exhaust his unexhausted habeas claims is **GRANTED**. Additionally, his request to authorize current habeas counsel to represent him in the state court proceedings wherein he seeks

15

to exhaust his claims is also **GRANTED**.  Federal counsel are authorized under 18 U.S.C.

§3599(e) to represent Petitioner in connection with his impending motion for leave to file a

delayed motion for a new trial and/or application to file a second post-conviction petition.

Authorization would not extend to any retrial should Petitioner obtain the relief he seeks.

Petitioner has 120 days from the date of this Decision and Order to file his state court

motion and/or petition.  Through the duration of the state court litigation, Petitioner shall file

with this Court quarterly status reports on the progression of the state court proceedings.  In the

event that he is denied relief in state court, Petitioner must move to lift the stay of this case

within 30 days of a denial of relief.  The existing scheduling order (Doc. 11) is **VACATED**.

**IT IS SO ORDERED.**

**KAREN L. LITKOVITZ**
**CHIEF UNITED STATES MAGISTRATE  JUDGE**